REUEL D. DARLING, APPELLANT, *v.* LAWRENCE W. HAL-
SEY, AS EXECUTOR, ETC., OF CATHARINE A. BERWICK,
DECEASED, RESPONDENT.

*Services — when promise to pay for, will be implied.*

The testatrix, who was an invalid, resided for the last eighteen months of her
life with the appellant, who owned and was accustomed to exercise horses. He
frequently took her to ride with him in the park, sometimes at her special
request, she saying that it would do her more good than medicine. The testi-
mony tended to show that she intended to pay for the services, and by her will
she directed " that the friends with whom I board, and my physician, to whom
I feel under great obligations of gratitude for their kindness, be liberally paid
for their services to me." *Held*, that the appellant was entitled to receive a
reasonable sum for the services he had rendered.

APPEAL from a judgment in favor of the defendant, entered on
the report of a referee.

*Wm. H. Meeks*, for the appellant.

*David J. H. Willcox*, for the respondent. The mere rendering
of services does not establish any liability to pay for them. To con-
stitute a valid contract to do so, the minds of both parties must have
assented thereto. (*Amory* v. *Flyn*, 10 Johns., 102; *Dunbar* v. *Wil-
liams*, id., 249; *Bartholomew* v. *Jackson*, 20 id., 28; *Utica Ins. Co.*
v. *Bloodgood*, 4 Wend., 652.) No contract to pay will be implied
unless the circumstances clearly indicate it. (*Livingston* v. *Ackes-
ton*, 5 Cow., 531; *Griffin* v. *Potter*, 14 Wend., 209; *Maltby* v.
*Harwood*, 12 Barb., 473; *Moore* v. *Moore*, 3 Abb. C. A. Dec., 303;
*Crane* v. *Baudouine*, 55 N. Y., 256.) And a request to render the
services will not by itself establish a contract to pay for them.
(*Crane* v. *Baudoine*, 55 N. Y., 256; *Buck* v. *Amidon*, 41 How.
Pr., 320; *Boyd* v. *Sappington*, 4 Watts, 249; *Veitch* v. *Russin*, 3
Ad. & Ell. [N. S.], 927.) Where services are rendered by one
member of a family to another there is a presumption that they
were rendered gratuitously. (*Wilcox* v. *Wilcox*, 48 Barb., 327;
*Moore* v. *Moore*, supra; *Robinson* v. *Cushman*, 2 Den., 149; *Wil*

*liams* v. *Hutchinson*, 5 Barb., 122, 124; *Dye* v. *Kerr*, 15 id., 444; *Sturley* v. *Bennett*, 6 Lans., 512; *Cooper* v. *Turner*, 2 Hun, 515; *Van Kuren* v. *Saxton*, 3 id., 547; *Bowen* v. *Bowen*, 2 Bradf., 336.)

DANIELS, J.:

The judgment in this case was recovered upon a report made in a reference to determine the justice of a claim made for services performed for the testatrix, and even though it may not have been brought before this court in a strictly regular manner, it should still be determined on its merits, as the appeal itself has not been set aside. The testatrix boarded with the appellant for about eighteen months previous to her decease. She was an invalid lady, and while she boarded with the family of the appellant he frequently took her riding in the park with him. The evidence of Maria Donohue established the fact that this occurred at times at the request of the testatrix, who remarked that the riding would do her more good than medicine. Her evidence also showed that this continued to the period when she could not leave her room, and extended to as much as 200 times. The evidence given by the wife of the appellant was to about the same effect. It also showed that there was an expectation on the part of the testatrix that the appellant should be paid for his services, and by the first paragraph of her will the testatrix directed " that the friends with whom I board and my physician, to whom I feel under great obligations of gratitude for their kindness, be liberally paid for their services to me." This evidence was not contradicted or in any way whatever impaired in its force, and it would seem to leave but little, if any, room for doubt on the subject of the liability of the estate to remunerate the appellant.

Although he owned and exercised horses, it is not to be supposed that he would have taken the testatrix so often with him while she was an invalid boarder at his house without expecting some compensation for his services, and her will showed that she participated in the same expectation.

Her explicit direction was that her friends with whom she boarded should be liberally paid for their services for her. She made no distinction whatever as to the services referred to by her, but included them all alike, and those for which compensation was

claimed in this proceeding constituted an important portion of them. The case was not one in which it was to be presumed that the services were intended to be gratuitously performed. She was a mere boarder, dependent upon the comforts she could secure by making an equivalent return by way of compensation, and the presumption is that she expected and designed to pay for what was supplied to her at her instance, and expressed or implied requests. The services performed, in taking her upon these rides, were as meritorious as the right of payment for her board. She was taken out for the benefit of her health, and at times in compliance with her own express request, and while she had no other claims upon the attention and time of the appellant than any other invalid boarder would have had. The referee should have allowed him what her will contemplated he would receive, reasonable payment for the services he had performed. The decision was not only against the evidence, but really without evidence to support it.

The judgment should be set aside and a new trial ordered.

DAVIS, P. J., and BRADY, J., concurred.

Judgment set aside. New trial ordered.